No. 3652

Second Circuit

RUSTON MOTORS, INC., v. JACKSON

(December 31, 1929.  Opinion and Decree.)

E. L. Walker of Ruston, attorney for plaintiff, appellee.

J. W. Elder of Ruston, attorney for defendant, appellant.

WEBB, J. Plaintiff sold defendant an automobile at the price of $378, of which $178 was paid, and for the balance defendant gave a note payable in monthly installments of $25 cash, payments to begin on September 31, 1928, and to secure the payment of the note a chattel mortgage was given on the property, which in addition to the usual provisions, contained a stipulation that, in event of the nonpayment of any one of the installments at maturity, the entire balance due on the note should become due and payable, and providing that the mortgagee or holder of the note could proceed to collect the amount due either by judicial proceedings, or by taking possession of the automobile and selling same either at public or private sale, credit the amount received from the sale, less expenses, on the note

Defendant failed to pay the full amount of the installment due on October 31, and the installment due on November 31, and a representative of plaintiff called upon him with reference thereto; and, after some negotiations, the automobile was delivered to plaintiff's representative, who had it hauled to plaintiff's place of business where necessary repairs were made which cost $39.20  A short time thereafter plaintiff sold the automobile to a third person, and, following, defendant called at plaintiff's place of business to obtain the automobile, and, being informed that plaintiff had sold it, defendant consulted with attorneys who advised plaintiff that defendant was aggrieved by its action in selling the automobile, and that he had been damaged in the sum of $225.  About two

days thereafter, plaintiff obtained the car from the third person to whom it h a d been delivered, and tendered it to defendant on condition that he pay the installments past due and the cost of repairs, which was refused by defendant.

Plaintiff then proceeded via executiva against defendant to collect the balance due on the note, which was, less the installments previously paid, $152, and had the automobile seized and advertised for sale; when defendant appeared and filed a plea in which he alleged that there were various irregularities affecting the validity of the order for the seizure of the property, and also alleged that plaintiff had by taking possession of the automobile and selling same to a third person released him from payment of the note, and that he had been damaged by plaintiff's action in the sum of $225, being the total amount which defendant had paid on the purchase price of the car, and defendant prayed that a rule be issued against plaintiff and the sheriff ordering them to show cause why a temporary injunction should not be issued prohibiting further action under the foreclosure proceeding, and on hearing of the rule that the temporary injunction be issued, and defendant be awarded $25 attorney's fees, and on final hearing that the injunction be maintained, and that defendant have judgment in reconvention against plaintiff in the sum of $225 damages.

An order was obtained for the issuance of the rule, and plaintiff accepted service; and, following, plaintiff excepted that the rule failed to state a cause of action, and that the demand of defendant to restrain the sale of the property was inconsistent and in conflict with the demand for damages, and that defendant should be ordered to elect whether he would proceed under the rule to obtain a writ of injunction, or on the claim for damages.

On trial of the exception the minutes show that counsel for defendant stated that defendant disclaimed ownership of the automobile and that the exception of no cause of action was then sustained and the temporary injunction refused. But the record does not show that any judgment was signed, sustaining the exception of no cause of action, and, while both parties stated that defendant was ordered to elect whether he would proceed under the rule to obtain an injunction restraining the sale of the property or whether he would proceed on the claim for damages, and that defendant had elected to proceed on the claim for damages, the minutes do not show that such an order was entered.

The record, however, shows that, following the submission of the exception of plaintiff to the plea of defendant, the automobile was sold under the foreclosure proceedings for $100, from which there was deducted the cost of the proceedings, and the balance of $81.70 was credited on the writ leaving a balance due on the note of $80.40, and, following the sale of the property, plaintiff filed an answer to defendant's demand for damages.

In the answer, plaintiff set out the facts hereinabove stated relative to the sale and mortgage and the failure of defendant to pay the installments due on the note, and the automobile having been delivered to its representative, and alleged that at the time the car was delivered to its representative it was agreed and understood that it would be taken to plaintiff's place of business and repaired at defendant's expense, and that defendant would call for the car on the following Saturday, when he would pay the installments due and cost of repairs, and, in event of defendant's failure to do so, plaintiff could dispose of the car as it pleased. And that, acting under the agreement, plaintiff had taken

possession of the car and had the repairs made, and, defendant failing to call for the car, it had sold same.

Plaintiff further alleged that it had the right to take possession of the car under the stipulation of the mortgage and to have the same repaired, and to sell it at private or public sale and after deducting the expense of repairs and of the sale, to credit the balance of the price on the note, and then to proceed against defendant personally for the balance which might be due. But that subsequent to the time defendant called for the car, it had obtained possession of it and had tendered it to defendant on condition that he pay the cost of repairs and the installments past due, and, defendant refusing to accept the tender, it had proceeded via executiva to foreclose, and the car had been seized and sold as above stated, leaving a balance due on the note, and the cost of repairs unpaid; and it prayed that defendant's demand for damages be rejected, that it have judgment in reconvention against defendant for the amount of the note less the installments previously paid and subject to a credit of the net amount received under the foreclosure proceedings from the sale of the property and cost of repairs. On trial judgment was rendered rejecting defendant's demand for damages and awarding plaintiff judgment as demanded, and defendant appeals.

In presenting the cause here, appellant urges that the court should not have ordered him to elect whether he would proceed under the rule to obtain a temporary injunction prohibiting the sale or on his claim for damages, and that the judgment should be reversed and it should be held that defendant was wrongfully ordered to elect, and that the writ of injunction was wrongfully refused, and that defendant should have judgment in damages for the amount demanded, and plaintiff's demands should be rejected.

As stated, the record does not show that defendant was ordered to elect, nor does it appear that there was any judgment signed sustaining the exception of no cause of action, and, while the minutes show that the court refused to grant a temporary injunction, there was not any decree signed until long after the property had been sold under the foreclosure proceedings.

While the proceedings had in this matter appear to have been rather unusual and both parties to have taken rather inconsistent positions, we are of the opinion that the situation presented was primarily due to the fact that defendant improperly cumulated, with his action to restrain the sale of the property under the foreclosure proceedings, an action for damages, which was not connected with or alleged to have resulted from the alleged unauthorized and illegal seizure.

As we view the matter, the action to restrain the sale of the property was entirely separate and distinct from the action for damages, and, assuming that the court ordered defendant to elect, or that the effect of the ruling sustaining the exception of no cause of action was to strike out the demand of defendant to restrain the sale of the property under the foreclosure proceedings, the recourse of defendant was to obtain a writ of certiorari (Hofman-Olsen, Inc., v. Northern Lbr. Mfg. Co., 160 La. 839, 107 So. 539) or other appropriate remedy to prevent his demand for an injunction from being stricken from the record; and we are of the opinion that the appeal does not present the question as to whether or not the ruling ordering defendant to elect, or sustaining the

exception of no cause of action, was correct, and that the only questions presented on the appeal are whether the evidence established that defendant was entitled to judgment for damages, and whether the plaintiff was entitled to judgment on the reconventional demand.

There was some conflict in the evidence as to what was the agreement under which plaintiff's representative was permitted to take possession of the car; but, accepting defendant's version of the agreement, it is certain that he did give his consent to plaintiff's representative taking the car and having it repaired, and that he also agreed, if he did not call for the car and pay the installments past due and cost of repairs, plaintiff should have the right to dispose of the car, and his claim for damages appears to be based on the contention that plaintiff had sold the car prior to the time agreed upon, thereby converting the property to its own use and releasing defendant of any obligation under the note and also releasing defendant from paying for the repair of the car.

The evidence does not show that it was understood in event of defendant failing to call for the car and pay the installments past due and cost of repairs, that plaintiff, by disposing of the car, would release defendant from any obligation under the note or from the payment for the repairs, and the only ground upon which it could be contended that defendant was released, and that he would be entitled to recover the amount which he had paid on the car, is that plaintiff had illegally converted the car to its own use.

Conceding that plaintiff did transfer the car to a third person prior to the time it was agreed he could do so, it is certain that, as between plaintiff and defendant, the title of the latter was not divested by such transfer, and, it further appearing that plaintiff was not acting in bad faith, but that, as soon as it learned that defendant claimed it had acted contrary to the agreement, plaintiff had obtained the car and tendered it to defendant, we do not think defendant was at liberty to refuse the tender and take the position that plaintiff had converted the car to its own use, thereby releasing defendant from his obligations and rendering plaintiff liable in damages.

The act of mortgage stipulated that, in event of nonpayment of any installment, the mortgagee should have the right to take possession of the car and dispose of same at private or public sale without resorting to judicial proceedings, but appellant does not suggest that the price which may have been received by plaintiff at private sale should have been credited on the note, rather than the amount received under the foreclosure proceedings, and therefore the judgment allowing plaintiff to recover the balance due on the note after deducting the amount received at the foreclosure sale was erroneous.

Defendant having refused to accept the car and pay the installments due and the cost of repairs, admittedly made with his consent, plaintiff had the right to foreclose on the property, and, the price received being insufficient to pay the amount due plaintiff, there does not appear to be any reason why plaintiff should not have judgment for the balance due on the note after deducting the amount received under the foreclosure proceedings, as well as for the cost of repairs made with the consent and at the request of defendant.

**The judgment is affirmed.**